IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00737-RBJ

MITCHELL FOX-RIVERA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT, LABORATORY SERVICES DIVISION,
DAVID BUTCHER, and
CYNTHIA SILVA BURBACH, in their individual and official capacities,

    Defendants.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This is a civil action brought by Mitchell Fox-Rivera against defendants Colorado Department of Public Health and Environment, Laboratory Services Division, and David Butcher and Cynthia Silva Burbach, in their individual and official capacities. Mr. Fox-Rivera asserts claims under 42 U.S.C. § 1983 and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution. Defendants respond with a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, defendants' motion is GRANTED.

**FACTS**

Mr. Fox-Rivera is a former employee of the Colorado Department of Public Health and Environment, Laboratory Services Division (the "Department"), where he worked as a

probationary Lab Technician. He was hired for his first job out of college in October 2011 and was terminated in March 2012. His duties included testing blood samples for alcohol content from persons suspected of driving under the influence. David Butcher and Cynthia Burbach were employed by the Department as the Director of the Laboratory Services Division and the Toxicology Supervisor, respectively. Mr. Fox-Rivera's termination and the surrounding circumstances are the subject of his complaint.

The parties dispute the purpose behind Mr. Fox-Rivera's termination, but it followed the Department's discovering improper testing procedures that produced inaccurate blood-alcohol results. Mr. Fox-Rivera alleges that he was made a political scapegoat by the Department for their faulty supervision, management, and training. After the termination, certain statements attributed to the defendants blaming Mr. Fox-Rivera for the lab's failures were published in the local press. Among these statements were allegations that he failed to follow test protocols, made "significant" errors, opened the door for various criminal defendants to challenge drunk-driving charges, and was fired for unsatisfactory performance. Complaint [ECF No. 1 ¶ 11]. Mr. Fox-Rivera alleges that these statements were false and destructive of his future career as a laboratory technician.

**PROCEDURAL BACKGROUND**

Mr. Fox-Rivera appealed his termination through the State Personnel Board, arguing that the Department failed to follow its procedures in his training, supervision, discipline, and termination. The Administrative Law Judge made a preliminary recommendation that Mr. Fox-Rivera's petition for a hearing should be granted, but the State Personnel Board rejected that recommendation and denied the petition for a hearing. Mr. Fox-Rivera filed his complaint in this

court on March 11, 2014.  He states that his claims are based upon 42 U.S.C. § 1983 and the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.  Defendants now move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.  In short, they argue that some or all of the claims are barred by sovereign or qualified immunity, and that Mr. Fox-Rivera cannot establish a due process violation.

## STANDARD OF REVIEW

A court lacking jurisdiction must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.  *Bradbury v. Davis*, 310 F.2d 73 (10th Cir. 1962).  "[T]he burden of proving jurisdiction is on the party asserting it." *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973).

In reviewing a motion to dismiss for failure to state a claim, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor.  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Allegations that are purely conclusory need not be assumed to be true.  *Id.* at 1951.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

## DISCUSSION

### A. <u>Sovereign Immunity and the Eleventh Amendment</u>.

Defendants argue that the claims against the Department and any claims for damages and retroactive relief against Mr. Butcher and Ms. Burbach must be dismissed for lack of subject matter jurisdiction because the state is immune from suit. "Because an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court, [the Court] address[es] that issue before turning to the merits of the case." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The Eleventh Amendment of the United States Constitution bars claims brought in federal courts against states, state agencies, and state officials when sued in their official capacity for damages or retroactive relief. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). However, under *Ex parte Young*, suits against state officials seeking prospective relief for ongoing violations of federal law are not barred. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495–96 (10th Cir. 1998) (citing *Ex parte Young*, 209 U.S. 153, 159 (1908)).

The difference between retroactive and prospective relief can be a difficult line to draw: states cannot be sued for back pay, but several circuits have held that reinstatement of a state employee or payment of wages from the date of the court's judgment are not barred. *E.g.*, *Nelson v. Univ. of Tex.*, 535 F.3d 318 (5th Cir. 2008); *Barnes v. Bosley* 828 F.2d 1253 (8th Cir. 1987). Where reinstatement is impractical, an award of damages is an available remedy. *Patteson v. Johnson*, 787 F.2d 1245, 1249 (8th Cir. 1986). A federal court can also order a defendant to clear a plaintiff's employment record of charges of improper conduct. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).

Mr. Fox-Rivera seeks reinstatement (or damages in the alternative), payment of wages

from the time of judgment until reinstatement occurs, and an order for defendants to clear his employment record. As shown above, each of these remedies has been found to be prospective. Therefore these prospective claims against Mr. Butcher and Ms. Burbach in their official capacities are not barred by the Eleventh Amendment so long as there is an ongoing violation of federal law. Even though the Department emplwnent Mr. Fox-Rivera, these two individuals have the capacity to reinstate him in response to an injunction. *Cf. Buchwald*, 159 F.3d at 495–96 (noting that while the university and board of regents might enjoy immunity from prospective relief ordering plaintiff's admission, co-chairs of the admissions committee had the power to grant admission and enjoyed no such immunity).

However, the claims against the Department are barred and must be dismissed-- the Eleventh Amendment prohibits any claim against a state agency in federal court, even one for prospective relief. *Buchwald*, 159 F.3d at 495–96. It seems that Mr. Fox-Rivera concedes that the Department is an arm of the state and is therefore immune from liability, but it doesn't ultimately matter. Arm-of-the-state analysis requires examination of three factors:

> (1) the state's legal liability for a judgment; (2) the degree of autonomy from the state—both as a matter of law and the amount of guidance and control exercised by the state; and (3) the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing.

*United States* ex rel. *Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 718 (10th Cir. 2006) (citing *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000)). As defendants point out in their reply brief, "the Department's authority is derivative of the State's authority and its administration is wholly intertwined with that of the State." [ECF No. 14 at 3]. Further, the state would be legally liable for a judgment against the Department and would pay directly from the state treasury. *Id.* Regardless of whether Mr. Fox-Rivera conceded this argument, the

5

Department is quite clearly an arm of the state and is immune from any suit, no matter the type of remedy sought. *See Buchwald,* 159 F.3d at 495.

### B. <u>Due Process Violation</u>.

Defendants also argue that the suit must be dismissed for failure to state a claim upon which relief can be granted. Mr. Fox-Rivera alleges that defendants violated his due process rights by depriving him of his property interest in continued employment and his liberty interest in his good name and reputation without opportunity for a hearing.[1]

To invoke due process protections, a plaintiff must plead that he was "depriv[ed] of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Originally, Mr. Fox-Rivera invoked two protected interests. The first was his property interest in continued employment. However, he appears to have conceded that argument by not discussing it in his Reply brief [ECF No. 14]. Whether he conceded it or not, this claim has no merit because he was a probationary employee. [ECF No. 1 ¶ 1]. Under Colorado state law, a probationary government employee has no property interest in continued employment and can be fired for unsatisfactory performance. *Lucero v. Dept. of Institutions*, 942 P.2d 1246, 1248 (Colo. App. 1996); *see also* Colo. Const. Art. XII, § 13(10) ("After satisfactory completion of any such period [of probation], the person shall be certified to such class or position within the personnel system, but unsatisfactory performance shall be grounds for dismissal by the appointing authority during such period without right of appeal.").

---

[1] The individual defendants also assert qualified immunity. However, "[i]f no constitutional right would be violated even if plaintiff's allegations were proven, then there is no necessity for further inquiries concerning individual defendants' qualified immunity . . . ." *McDonald v. Miller*, 945 F. Supp. 2d 1201, 1208 (D. Colo. 2013).

The other constitutional interest invoked by Mr. Fox-Rivera is his liberty interest in his livelihood, reputation, and ability to be gainfully employed. [ECF No. 12 at 4, 7]. "While damage to one's reputation may be remediable under state law as an injury in tort, it is insufficient by itself to establish a constitutionally protected interest under the Fourteenth Amendment." *McDonald*, 945 F. Supp. 2d at 1208 (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "In order to elevate an injury remediable under state tort law to one protected by the Constitution, it must be paired with some additional, more tangible, interest, such as employment. . . ." *Id.* (internal quotation marks and citation omitted).

An employee does have a constitutionally protected liberty interest in his good name and reputation in the context of his termination. *See Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir. 1994). "While the additional, 'more tangible' interest in *Workman* was a constitutional property interest in continued employment, that level of interest is not . . . a prerequisite for triggering a liberty interest in an employment termination context." *McDonald*, 945 F. Supp. 2d at 1208–09. The requirement that reputational harm be paired with some additional, more tangible interest in order to be protected by the Constitution is satisfied when the plaintiff shows that his termination "at least aggravated his [reputational damage]." *Id.* (quoting *McGhee v. Draper*, 639 F.2d 639, 643 & n.2 (10th Cir. 1981)). In other words, because Mr. Fox-Rivera alleges that his termination was a factor in his reputational damage, it is not fatal to his liberty claim that he has no constitutional property interest in continued employment. *Id.* at 1209 (liberty deprivation claim connected to termination "is not precluded simply because [] employment was at-will. . . ."). To summarize, in order to receive constitutional protection a liberty interest must be paired with some other more tangible interest such as employment. But that tangible, paired interest need

7

not carry independent constitutional weight. It need only be tangible.

Assuming without deciding that Mr. Fox-Rivera's property interest in continued employment is tangible enough to provide a constitutional dimension to his liberty interest, he must show that defendants infringed upon this interest. *Workman*, 32 F.3d at 480–81. He alleges defendants did so when they made false statements about him to the media. [ECF No. 12 at 4]. Four elements must be met to make out a violation of an employee's liberty interest in his good name and reputation:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published. These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest.

*Workman*, 32 F.3d at 481 (citations omitted).

It is not necessary to discuss each element, as this claim falls short of alleging that the first element is met. The statements in question include allegations that Mr. Fox-Rivera failed to follow test protocols, opened the door for defendants to challenge DUI cases, made "significant" errors, and was fired for unsatisfactory performance. [ECF No. 1 ¶ 11].

However, in order to infringe on an employee's liberty interest, stigmatizing statements must include "unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community." *Melton*, 928 F.2d at 927 (holding that "stigma is sufficient if it involves dishonesty, serious felony, manifest racism, serious mental illness, or the like"). The statements made by the defendants, while negative and possibly false, do not rise to that level. Case law is rife with examples of similar or more stigmatizing statements that were found not to impugn the employee's good name, reputation, honor, or

integrity. *See, e.g.*, *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (charges of neglect of duties and insubordination not sufficient to make out due process liberty violation); *Sullivan v. Stark*, 808 F.2d 737, 739 (10th Cir.1987) (charges of being negligent or derelict in performing duties not sufficient); *Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir.1984) (charges of "being tardy, failing to schedule leave (noted as 'lack of reliance'), and for engaging in 'horseplay'" not sufficient); *Stritzl v. United States Postal Service*, 602 F.2d 249, 252 (10th Cir. 1979) (charges of slow work with poor work habits and low productivity not sufficient).

## CONCLUSION

The Court expresses no opinion as to whether, as the Workplace Investigation Report [EFC No. 12-1 at 42–43] suggests, the Department had flawed training and supervision practices, or whether Mr. Fox-Rivera was made a political scapegoat for the Department's systemic shortcomings. However, even if those criticisms were true, Mr. Fox-Rivera has not met his burden of alleging a plausible due process violation.

## ORDER

The Motion to Dismiss [ECF No. 10] is GRANTED. This civil action is dismissed with prejudice. As the prevailing parties, defendants are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR. 54.1.

DATED this 9th day of July, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge